UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM A. KOCH,

Plaintiff,

v.

THE BURLINGTON NORTHERN & SANTA FE RAILWAY COMPANY,

Defendant.

Case No. C05-1989RSL

ORDER GRANTING MOTION TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on a motion to compel filed by plaintiff William Koch. (Dkt. #15). Plaintiff seeks to compel the defendant, The Burlington Northern & Santa Fe Railway Company ("BNSF") to fully answer his interrogatories and requests for production and to provide witnesses for Rule 30(b)(6) depositions. Plaintiff also requests that the Court allow him additional time to conduct discovery and assess costs and attorney's fees against BNSF.

For the reasons set forth below, the Court grants the motion.

## II. DISCUSSION

### A. Background Facts.

Plaintiff alleges that he was hit by a train car and seriously injured while working as a

brakeman for BNSF. He filed his complaint on November 30, 2005 asserting a claim under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*.

On March 16, 2006, plaintiff served on BNSF his First Interrogatories and Requests for Production. On the same date, plaintiff requested that defendant file an answer to his complaint to avoid default. BNSF belatedly filed its answer on April 17, 2006. By letter dated April 19, 2006, plaintiff's counsel, George Kargianis, sent a letter to defense counsel requesting the overdue discovery responses and seeking to coordinate the scheduling of Rule 30(b)(6) depositions on three listed topics. Plaintiff's counsel received no response to the letter. On June 12, 2006, Mr. Kargianis sent another letter to defense counsel noting that three months had passed since he served plaintiff's discovery requests, he had not received any response to the discovery requests or his request to take Rule 30(b)(6) depositions, and the discovery deadline was less than two months away. He requested responses by the end of the week. Mr. Kargianis received no response to the letter. In June 2006, Mr. Kargianis spoke with defense counsel, Kevin MacDougall, about the overdue discovery responses and plaintiff's request to take the Rule 30(b)(6) depositions. The parties agreed to stipulate to extend the deadlines for expert witness disclosures, discovery, and dispositive motions; the Court approved the stipulation.

Plaintiff's counsel sent a third letter on June 21, 2006 requesting a Local Rule 37 conference on June 27, 2006. On that day, Mr. MacDougall informed plaintiff's counsel that he was on his honeymoon and did not have an opportunity to finalize the responses before he left; he promised the responses within two weeks. On July 28, 2006, after another month had passed without receiving discovery responses, counsel had a telephone conference during which Mr. MacDougall promised responses by July 31, 2006. Plaintiff's counsel served Rule 30(b)(6) deposition notices on August 2, 2006 for depositions on August 30, 2006.

Defendant provided its discovery responses on August 3, 2006. Plaintiff's counsel sent defense counsel a letter dated August 23, 2006 challenging the sufficiency of the responses. For example, plaintiff's counsel noted that in response to its requests for information and documents

regarding any company investigation into plaintiff's accident, BNSF responded that an investigation occurred and it would supplement the response "as discovery continues." Declaration of George Kargianis (Dkt. #17), Ex. 16. Neither defense counsel nor any witnesses appeared for the depositions scheduled for August 30, 2006. On that date, plaintiff's counsel Kristen Fisher called Mr. MacDougall regarding defendant's failure to designate Rule 30(b)(6) witnesses. Declaration of Kristen Fisher (Dkt. #16) at ¶ 2. Mr. MacDougall responded that he never saw the deposition notices but would follow up with his client for designations. Ms. Fisher reiterated her requests in a telephone conference on September 5, 2006. On September 14, 2006, Mr. MacDougall informed Ms. Fisher that he had not been able to determine dates for the Rule 30(b)(6) depositions and had not been able to supplement the discovery responses. Plaintiff filed this motion on September 14, 2006. The discovery deadline was September 21, 2006.

After plaintiff filed this motion, on September 19, 2006, defendant finally offered dates for the Rule 30(b)(6) depositions. On September 22, 2006, BNSF served its supplemental responses to plaintiff's discovery requests.

**B. Analysis.**

Now that defendant has supplemented its responses, it appears that plaintiff is satisfied with the scope of its responses. Plaintiff did not argue in his reply that the responses are still incomplete. Accordingly, the Court need not address the sufficiency of the responses. BNSF has not opposed plaintiff's request for additional time to take discovery. Plaintiff is entitled to additional time to conduct discovery related to the belatedly provided discovery responses and to take the Rule 30(b)(6) depositions. Accordingly, the Court grants plaintiff's request for an additional 30 days to conduct discovery.

Plaintiff requests that the Court impose sanctions for BNSF's failure to provide discovery in a timely manner. BNSF's argument that plaintiff was not prejudiced by the delays is not well taken. BNSF's dilatory conduct, including months of unfulfilled promises, forced plaintiff to

file a motion to compel to obtain discovery which defendant was undisputedly required to provide months ago. BNSF's conduct is not excused by the fact that it finally provided adequate responses *after* plaintiff filed this motion. BNSF also argues that its supplementation involved only "minimal changes." The changes do not appear minimal. For example, one of the supplemented responses describes, for the first time, the scope of defendant's investigation into plaintiff's injury. Declaration of Kevin MacDougall (Dkt. #22), Ex. 1 at p. 6. Furthermore, BNSF's refusal to provide a witness for a Rule 30(b)(6) deposition forced plaintiff to incur additional costs and delayed that deposition until after the discovery deadline. BNSF has not offered any explanation for its failure to appear for the Rule 30(b)(6) deposition scheduled for August 30, 2006 or for refusing to designate witnesses before plaintiff filed this motion.

BNSF has provided two excuses for its five-month delay in providing adequate discovery responses. First, BNSF's memorandum states that it provided supplemental responses "[s]hortly after the conclusion of plaintiff's deposition on September 21, 2006." BNSF's Response at p. 2. That statement, combined with BNSF's assertions that it would supplement its responses "as discovery continues," suggests that BNSF delayed providing its own discovery until after it had deposed plaintiff. BNSF was not entitled to delay providing discovery until after it had obtained plaintiff's discovery.

Second, Mr. MacDougall explains that in the intervening six months, he got married, took a honeymoon, and was lead counsel in a five-day trial. Notably, all of those events occurred months after the deadline for BNSF to serve its responses. Regardless, counsel's other professional and personal commitments do not obviate BNSF's obligation to respond to discovery in a timely manner in this case. BNSF did not request an extension of time to respond; instead, it appears to have ignored the requests until plaintiff's counsel repeatedly inquired about them. Furthermore, BNSF's response to this motion lists three attorneys. It has not explained why the other two attorneys listed could not have provided discovery responses during Mr. MacDougall's brief periods of unavailability.

In sum, BNSF has not shown that its failure to appear for the Rule 30(b)(6) depositions and provide timely discovery responses was substantially justified, or that other factors would make the imposition of sanctions unjust. Accordingly, the Court awards plaintiff his reasonable attorney's fees and costs incurred in filing the motion to compel. Defendant concedes that plaintiff is entitled to receive the $130 court reporter's fee he incurred for the scheduled August 30, 2006 Rule 30(b)(6) deposition. As for the fees, plaintiff's counsel has explained that he spent three hours drafting the motion to compel, and three hours "writing letters and making phone calls" regarding the overdue discovery.[1] Kargianis Decl. at ¶ 25. However, it appears that Ms. Fisher,[2] not Mr. Kargianis, conducted the telephone conferences. The Court finds that one hour of time is reasonable for drafting the three letters Mr. Kargianis signed. Accordingly, the Court assesses fees against defendant in the amount of $1,200 for four hours of Mr. Kargianis' time at $300 per hour, and costs in the amount of $130. Defendant must pay the costs and fees to plaintiff within twenty days of the date of this order.

**III. CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel (Dkt. #15) is GRANTED. Plaintiff may have until October 21, 2006 to conduct discovery. If it has not already done so, defendant must make witnesses available for the Rule 30(b)(6) depositions that plaintiff has noted. The Court imposes costs and fees on defendant in the amount of $1,330 to be paid to

---

[1] Although Mr. Kargianis' declaration states that he spent 3 hours drafting the motion and 3 hours on communications, his proposed order requests a total of $900 in fees, which would represent only 3 hours of time. The Court assumes that the representations in the declaration are correct and that the amount requested in the proposed order is a typographical error.

[2] Plaintiff has not requested reimbursement for Ms. Fisher's time.

plaintiff within twenty days of the date of this order.

DATED this 12th day of October, 2006.

Robert S. Lasnik
United States District Judge